DAVIS, appellant, *v.* FREDERICKS ET AL., respondents.

WITNESSES — *proof of handwriting.* In this Territory the rule as laid down by the U. S. supreme court in *Strother* v. *Lucas,* 6 Pet. 767, must prevail, which establishes that a witness is not competent to testify as to the genuineness of a signature, who has no other knowledge thereof except that derived by a comparison with others acknowledged to be genuine. Even in States where such testimony is admissible by statute, the genuineness of the signature used as a standard of comparison must be established by a higher grade of evidence than the opinion of a witness.

*Appeal from First District, Gallatin County.*

THIS cause was tried in the court below by BLAKE, J.

CHUMASERO & CHADWICK, for appellants.

The testimony adduced by defendant to prove the genuineness of appellant's signature to the alleged receipts offered in evidence and relied upon to prove payment was incompetent, as the knowledge of witnesses was derived merely from comparison of handwritings. *Moore* v. *United States,* 1 Otto, 270 ; *Strother* v. *Lucas,* 6 Pet. 763 ; *Rogers* v. *Ritter,* 12 Wall. 321 ; *People* v. *Spooner,* 1 Denio, 343 ; *Titford* v. *Knott,* 2 Johns. 211 ; *Jackson* v. *Phillips,* 9 Cow. 94 ; 1 Greenl. on Ev., §§ 576, 582.

Even in States where statute has admitted such evidence, it is not applicable to prove the genuineness of the signature used as the standard of comparison. *Moody* v. *Rowell,* 17 Pick. 490 ; *Richardson* v. *Newcomb,* 21 id. 315 ; *Com.* v. *Eastman,* 1 Cush. 217. The other points made by appellant were not considered by the court.

E. W. Toole and J. H. Shober, for respondents.

The court below adopted the true rule as to the admission of evidence to prove the genuineness of the signatures.

No objection was made in the court below as to genuineness of Davis' signature to the letters used as standard of comparison ; had this been done respondents could have made the proof ample by the highest grade of evidence.

The other points covered by the brief were not considered by the court in rendering its opinion.

WADE, C. J.    This is an action upon a promissory note bearing date the 12th day of March, 1868, given by the defendants to plaintiff for 27½ oz., 5 pwts. and 14 grains of gold dust, payable on or before the first day of the following July. The defendants admit the execution of the note and aver payment.    In order to maintain their defense they offer in evidence the following receipt :

"GALLATIN CITY, *Sept.* 13, 1869.

Received of W. A. Fredericks $1,415.38, being in full of the within claims and all demands to date.

(Signed).                          A. J. DAVIS."

Also a copy of the following, after showing loss of original.

"GALLATIN CITY, M. T., *Sept.* 11, 1868.

W. H. DREW, Esq.:

The note which I hold against you and W. A. Fredericks is paid and I shall not hold you further answerable for said amount.

(Signed)                          A. J. DAVIS."

Davis denied the execution of these papers and said they were false and forged.    One of the main questions presented on this appeal arose over the admission of evidence in proof of the handwriting and signature of Davis.    Many witnesses were called for this purpose, and among them, A. J. Malin, who testified as follows : " I am the county clerk and recorder, I never saw Davis write, or saw his handwriting till last term of this court,

when I was called to compare the receipts with 15 or 20 letters. Edwards said the letters were received from Davis. I found the receipts resembled the handwriting of Davis; I would say they were Davis' or some one's who could imitate his handwriting." The testimony fairly raises the question, whether it is competent to call a witness to give an opinion to the jury, founded on a comparison, without any personal knowledge of the actual handwriting of the party whose signature is in controversy. The decisions in the different States upon this question have been conflicting, but in the supreme court of the United States, the decisions of which are controlling authority here, it has been uniformly held that this kind of testimony is incompetent, as a reference to the following cases will show. In the case of *Strother* v. *Lucas*, 6 Pet. 767, in the course of the trial certain depositions were offered in evidence, which among other things went to prove the handwriting of a witness to a deed, by comparing the handwriting of the witness with the handwriting of entries made in a certain register of marriages and interments alleged to have been made by the witness. The depositions, so far as they went to prove the handwriting of the witness to the deed by comparison, were rejected, and the court in sustaining the decision says: "It is a general rule that evidence by comparison of hands is not admissible, where the witness has no previous knowledge of the handwriting, but is called upon to testify merely from a comparison of hands. There may be cases where, from the antiquity of the writing, it is impossible for any living witness to swear that he ever saw the party write, comparison of handwriting with documents known to be in his handwriting has been admitted." But these, the court further says, are extraordinary instances arising from the necessity of the case, and do not apply where living witnesses may be examined as to the handwriting of the party.

In the case of *Rogers* v. *Ritter*, 12 Wall. 320, the same court says: "It is insisted in the second place that comparison of handwriting is in no case legal evidence, and as it was admitted to prove the genuineness of the disputed paper, the judgment should on that account be reversed. It is certainly true that the ancient

rule of the common law did not allow of testimony derived from a mere comparison of hands, and equally true that there has been a great diversity of opinion in the different courts of this country in relation to this species of evidence. But in England, this rule of the common law, as it respects civil proceedings, has been abrogated by the legislature, so that in the courts there at the present day, in civil suits, the witness can compare two writings with each other, in order to ascertain whether they were both written by the same person. It is, however, not necessary for the purposes of this case, to discuss the subject in all its bearings, nor to depart from the rule laid down by the court in *Strother* v. *Lucas*, *supra*, that evidence by comparison of hands is not admissible when the witness has had no previous knowledge of the handwriting, but is called upon to testify merely from a comparison of hands."

In the case of *Moore* v. *United States*, 1 Otto, 273, the court says: "The only question of importance, in this case, is whether the signature to the document bearing date December 17, 1863, and purporting to be executed by the claimant was properly proved. The court compared it with his signature to another paper in evidence for other purposes in the cause respecting which there seems to have been no question, and from the comparison adjudged and found that the signature was his. Had the court a right to do this, and determine the genuineness of a signature by comparing it with other handwriting of the party? By the general rule of the common law this cannot be done, either by the court or jury; and that is the general rule of this country, although the courts of a few States have allowed it, and the legislatures of others as well as of England have authorized it.   *   *   *   But the general rule of the common law disallowing a comparison of handwriting as proof of signature has exceptions equally as well settled as the rule itself. One of these exceptions is that of a paper admitted to be in the handwriting of the party, or to have been subscribed by him is in evidence *for some other purpose in the cause*, the signature or paper in question may be compared with it by the jury." See 1 Wharton on Ev., § 712, note.

VOL. III — 34

These authorities ought to be conclusive upon the question that evidence by comparison of hands is not admissible, where the witness has had no previous knowledge of the handwriting, but is called upon to testify merely from a comparison of hands.

Neither do we think that the testimony of the witness Malin meets the requirements of the law in those States where testimony by comparison of hands is admissible. In the case of *The Commonwealth* v. *Eastman et al.*, 1 Cush. 217, the court says: "Nothing but original signatures can be used as standards of comparison by which to prove other signatures to be genuine. Nor can a paper proposed to be used as a standard be proved to be an original and a genuine signature merely by the opinion of a witness that it is so; such opinion being derived solely from his general knowledge of the handwriting of the person whose signature it purported to be. The evidence resulting from a comparison of a disputed signature with other proved signatures is not regarded as evidence of the most satisfactory character, and by some most respectable judicial tribunals is entirely rejected. In this Commonwealth it is competent evidence, but the handwriting used as a standard must first be established by clear and undoubted proof, that is either by direct evidence of signature or by some equivalent evidence." Citing *Moody* v. *Rowell*, 17 Pick. 490; *Richardson* v. *Newcomb*, 21 id. 315.

Mr. Wharton, in his work on Evidence, vol. 1, § 709, speaking of this kind of evidence, says: "It is scarcely necessary to add that the writings from which the witness draws his opinion must be identified as those of the party whose writing is contested on the trial. It will not be enough that the witness obtains his knowledge from letters said to be genuine."

The testimony in the case fails to answer the rule here indicated. Six months before the trial, certain letters were handed the witness Malin, which Edwards, one of the attorneys of Davis, told him were received from and written by Davis. And thereupon he compared the receipts in question with the letters and arrived at the conclusion that the former were in the handwriting of Davis. Edwards was not called upon to prove that the letters had been received from or were written by Davis. So that the

witness, never having seen Davis write, and the letters received by him from Edwards being his sole standard of comparison, and there being no proof that they were the letters of Davis, it follows that his opinion, that the receipts were in the handwriting of Davis, was an opinion not warranted by the rules of law.

Entertaining these views, it is not necessary to discuss the other questions raised by the appellant.

Judgment reversed and cause remanded for a new trial.

*Judgment reversed.*